IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

HELEN JOHNSON, as personal representative
of the Estate of Robert T. Johnson,

        Plaintiff,

vs.                              Case No. 5:06cv92-RS-MD

JAMES V. CROSBY, JR., individually in his
capacity as secretary of the Florida Department
of Corrections; JACK SAPP, individually in his
capacity as warden of Jackson Correctional
Institution; GALINA KATS-KAGAN, M.D.,
individually in her capacity as chief health officer
of Jackson Correctional Institution; GREGORY
YOUNG POYTHRESS, ARNP, individually in his
capacity as advanced registered nurse practitioner
at Jackson Correctional Institution; CAROLYN
MAJORS, RN, individually in her capacity as senior
registered nurse Jackson Correctional Institution;
PAULA DENISE BRYSON, LPN, individually in her
capacity as licensed practical nurse at Jackson
Correctional Institution,

        Defendants.
_____/

## ORDER ON MOTION TO DISMISS FIRST AMENDED COMPLAINT

    Before the Court is Defendants' "Motion to Dismiss First Amended Complaint" (Doc. 19) filed on November 16, 2006.  Plaintiff filed no response to the motion.

    Defendants first contend that the wrongful death claim asserted in Count One of the First Amended Complaint (Doc. 19) should be dismissed because Plaintiff has failed to comply with the pre-suit requirements of Chapter 766, Florida Statutes, within the applicable statute of limitations period.  Specifically, Defendants assert that (1) Plaintiff failed to notify Defendants of her intent to initiate litigation for a claim based on a medical negligence theory of liability prior to filing a complaint as required by Fla. Stat. § 766.106(2); (2) Plaintiff failed to comply with the pre-suit investigation requirements of

Fla. Stat. § 766.203(2) which requires Plaintiff to submit a verified written opinion from a medical expert corroborating reasonable grounds to support the claim of medical negligence; and (3) Plaintiff's wrongful death claim under Florida law should be dismissed with prejudice as to all Defendants because Plaintiff has failed to cure her alleged noncompliance with the pre-suit requirements identified above prior to the expiration of the statute of limitations.

I am unable to assess the merits of these contentions at this time. The First Amended Complaint baldly alleges that "[a]ll conditions precedent to the filing of this action have either been performed or waived, including notice to Defendants as required under Florida Statute 768.28." (Doc. 19:2 ¶ 3.) In order to properly assess the merits of Defendants' contentions, I therefore find it appropriate to require Plaintiff to specifically respond to each argument raised by Defendants above.

Defendants next contend that Count One should be dismissed as to all Defendants because Plaintiff has failed to comply with Fla. Stat. § 768.28(9)(a). Section 768.28(9)(a) states, in relevant part:

> No officer, employee, or agent of the state or of any of its subdivisions shall be held personally liable in tort or named as a party defendant in any action for any injury or damage suffered as a result of any act, event, or omission of action in the scope of her or his employment or function, unless such officer, employee, or agent acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

Fla. Stat. § 768.28(9)(a). Defendants assert that the allegations relating to Plaintiff's wrongful death claims fail to indicate that Defendants acted in "bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property."

I find it improper at this time to determine, as a matter of law, the mens rea of each Defendant during the relevant time period. Clearly, the allegations in this lawsuit are of the most serious magnitude. An individual has died. The complaint alleges that Johnson's death was the result of a series of acts and omissions on the part of Defendants amounting to "deliberate indifference," "reckless disregard," and "gross incompetence." Whether these allegations are true and whether such mental states rise

to the level necessary to hold Defendants personally liable under § 768.28(9)(a) require factual analyses that are more appropriate on a motion for summary judgment. Defendants' contention that Count One should be dismissed as to all Defendants because Plaintiff has failed to comply with Fla. Stat. § 768.28(9)(a) must therefore be denied.

Finally, Defendants contend that the allegations fail to establish a claim for "deliberate indifference" under § 1983 against Defendants Majors, Poythress, and Bryson. Again, while I have no reason to dispute Defendants' contention that a substantial degree of culpability is required to support a claim of "deliberate indifference," I find it premature at this time to dismiss Plaintiff's § 1983 claim. The First Amended Complaint alleges that Defendants were "deliberately indifferent" to Johnson's constitutional right to receive adequate medical care and treatment and that Johnson died as a result. Whether these allegations are true is more appropriately determined at the summary judgment stage of inquiry. Defendants' request for dismissal of Plaintiff's "deliberate indifference" claim under § 1983 against Defendants Majors, Poythress, and Bryson must therefore be denied.

## CONCLUSION

1. Not later than December 15, 2006, Plaintiff shall respond to each of the following contentions raised by Defendants in the "Motion to Dismiss First Amended Complaint" (Doc. 20): (1) Count One should be dismissed because Plaintiff failed to notify Defendants of her intent to initiate litigation for a claim based on a medical negligence theory of liability prior to filing a complaint as required by Fla. Stat. § 766.106(2); (2) Count One should be dismissed because Plaintiff failed to comply with the pre-suit investigation requirements of Fla. Stat. 766.203(2) which requires Plaintiff to submit a verified written opinion from a medical expert corroborating reasonable grounds to support the claim of medical negligence; and (3) Count One should be dismissed with prejudice as to all Defendants because Plaintiff has failed to cure her alleged noncompliance with the pre-suit requirements identified above prior to the expiration of the statute of limitations. Along with the response, Plaintiff shall file any appropriate supporting documentation. Pursuant to N.D. Loc. R. 7.1(C)(1), failure to file

the ordered response and supporting documentation will be sufficient cause to grant the relief requested by Defendants.

    2.  Defendants' request that Count One be dismissed as to all Defendants on the basis that Plaintiff has failed to comply with Fla. Stat. § 768.28(9)(a) is **denied**.

    3.  Defendants' request that the "deliberate indifference" claim under § 1983 in Count Two be dismissed against Defendants Majors, Poythress, and Bryson is **denied**.

    **ORDERED** on December 6, 2006.

                                              **/s/ Richard Smoak**
                                                **Richard Smoak**
                                                **United States District Judge**