IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

HELEN JOHNSON, as personal representative
of the Estate of Robert T. Johnson,

       Plaintiff,

vs.                                   Case No. 5:06cv92-RS-MD

JAMES V. CROSBY, JR., individually in his
capacity as secretary of the Florida Department
of Corrections; JACK SAPP, individually in his
capacity as warden of Jackson Correctional
Institution; GALINA KATS-KAGAN, M.D.,
individually in her capacity as chief health officer
of Jackson Correctional Institution; GREGORY
YOUNG POYTHRESS, ARNP, individually in his
capacity as advanced registered nurse practitioner
at Jackson Correctional Institution; CAROLYN
MAJORS, RN, individually in her capacity as senior
registered nurse Jackson Correctional Institution;
PAULA DENISE BRYSON, LPN, individually in her
capacity as licensed practical nurse at Jackson
Correctional Institution,

       Defendants.
_____/

## ORDER ON MOTION TO DISMISS FIRST AMENDED COMPLAINT

    Before the Court is Defendants' Motion to Dismiss First Amended Complaint (Doc. 20).

### FACTS

    Robert Johnson, now deceased, was an inmate at Jackson Correctional Institution ("JCI"), a facility of the Florida Department of Corrections, during the relevant time period. Plaintiff Helen Johnson is Robert Johnson's mother and the personal representative of his estate. Defendants are employees of the Florida Department of Corrections. Plaintiff alleges that Defendants' failure to provide appropriate medical care to Johnson resulted in his death on May 4, 2004.

The First Amended Complaint asserts two counts. Count One alleges wrongful death under Florida Stat. §§ 768.16-768.21 against Defendants Kats-Kagan, Poythress, Majors, and Bryson. Count Two alleges a violation of Johnson's civil rights under 42 U.S.C. § 1983 against Defendants Kats-Kagan, Poythress, Majors, and Bryson.

Defendants filed a "Motion to Dismiss First Amended Complaint" (Doc. 19) on November 16, 2006. Plaintiff filed no response to the motion. The motion requested dismissal of Counts One and Two. On December 6, 2006, I entered an order denying Defendants' request to dismiss Count Two (Doc. 21). In that order, I also denied Defendants' request that Count One be dismissed for failure to comply with Fla. Stat. § 768.28(9)(a). Defendants alternatively contended in their motion to dismiss, however, that Count One should be dismissed on the additional grounds that Plaintiff (1) failed to notify Defendants of her intent to initiate litigation for a claim based on a medical negligence theory of liability prior to filing a complaint as required by Fla. Stat. § 766.106(2), and (2) failed to comply with the pre-suit investigation requirements of Fla. Stat. § 766.203(2) which requires Plaintiff to submit a verified written opinion from a medical expert corroborating reasonable grounds to support the claim of medical negligence.

Because I was unable to assess the merits of those contentions inasmuch as Plaintiff filed no response to the motion to dismiss, and the First Amended Complaint baldly alleges that "[a]ll conditions precedent to the filing of this action have either been performed or waived, including notice to Defendants as required under Florida Statute 768.28" (Doc. 19:2 ¶ 3.), I ordered that Plaintiff respond to both arguments raised by Defendants and attach any supporting documentation to her response. On December 14, 2006, Plaintiff filed a "Response to Court's Order on Defendants' Motion to Dismiss First Amended Complaint" (Doc. 22). In that response, Plaintiff states that

> Plaintiff would concede that Plaintiff failed to notify the Defendants of her intent to initiate litigation for a claim based on a medical negligence theory of liability prior to filing a complaint as required by Fla. Stat. § 766.106(2);
>
> Plaintiff would concede the Plaintiff failed to comply with the pre-suit investigation requirements of Fla. Stat. § 766.203(2), which requires Plaintiff to submit a verified written opinion from a medical expert corroborating reasonable grounds to support

>the claim of medical negligence.

(Doc. 22:14.)

## DISCUSSION

Fla. Stat. § 766.106(2) states, in relevant part, that:

>After completion of presuit investigation pursuant to s. 766.203(2) and prior to filing a complaint for medical negligence, a claimant shall notify each prospective defendant by certified mail, return receipt requested, of intent to initiate litigation for medical negligence.

Fla. Stat. § 766.106(2).

Fla. Stat. § 766.203(2) states that:

>Prior to issuing notification of intent to initiate medical negligence litigation pursuant to s. 766.106, the claimant shall conduct an investigation to ascertain that there are reasonable grounds to believe that:
>
>(a) Any named defendant in the litigation was negligent in the care or treatment of the claimant; and
>
>(b) Such negligence resulted in injury to the claimant.
>
>Corroboration of reasonable grounds to initiate medical negligence litigation shall be provided by the claimant's submission of a verified written medical expert opinion from a medical expert as defined in s. 766.202(6), at the time the notice of intent to initiate litigation is mailed, which statement shall corroborate reasonable grounds to support the claim of medical negligence.

Fla. Stat. § 766.203(2).

Chapter 766 "was intended to address a legitimate legislative policy decision relating to medical malpractice and established a process intended to promote the settlement of meritorious claims at an early stage without the necessity of a full adversarial proceeding." Kukral v. Mekras, 679 So. 2d 278, 280 (Fla. 1996) (citation omitted).  "More specifically, the pretrial investigation process is designed to force claimants and potential defendants to carefully analyze the merits of a particular claim from both a legal and medical perspective before settlement is rejected and suit is filed." Clark v. Sarasota County Pub. Hosp. Bd., 65 F. Supp. 2d 1308, 1310 (M.D. Fla. 1998).

"The presuit investigation requirements are not jurisdictional but rather are conditions precedent to the bringing of a medical malpractice action." Id. (citing Kukral, 679 So. 2d at 283).

The law is clear that if a claimant fails to fulfill the presuit investigation requirements prior to filing her action, Florida law requires dismissal of the claim. See Fla. Stat. § 766.203(2); see also Danhi v. Charlotte County Sheriff's Dep't, 2006 U.S. Dist. LEXIS 53676, (M.D. Fla. 2006) (citing Clark, 65 F. Supp. 2d at 1310). Further, although federal jurisdiction over Plaintiff's wrongful death claim is not based on diversity but is supplemental to Plaintiff's § 1983 federal question claim, it should be noted that Chapter 766 is substantive rather than procedural in nature. See Woods v. Holy Cross Hosp., 591 F.2d 1164, 1168-69 (5th Cir. 1979); Danhi, 2006 U.S. Dist. LEXIS at *19-*20.

Based on Plaintiff's own admissions, it is undisputed that Plaintiff failed to comply with Florida's presuit investigation requirements. Accordingly, I am required to dismiss the wrongful death claim asserted in Count One as to all four Defendants - Kats-Kagan, Poythress, Majors, and Bryson - named in Count One.

## CONCLUSION

Count One of the First Amended Complaint (Doc. 19) is **dismissed** as to all four Defendants - Kats-Kagan, Poythress, Majors, and Bryson - named in Count One.

**ORDERED** on December 15, 2006.

/s/ Richard Smoak
**Richard Smoak**
**United States District Judge**