IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

HELEN JOHNSON, as personal representative
of the Estate of Robert T. Johnson,

        Plaintiff,

vs.                                            Case No. 5:06cv92-RS-MD

GALINA KATS-KAGAN, M.D., individually in her
capacity as chief health officer of Jackson
Correctional Institution; GREGORY YOUNG
POYTHRESS, ARNP, individually in his
capacity as advanced registered nurse practitioner
at Jackson Correctional Institution; CAROLYN
MAJORS, RN, individually in her capacity as senior
registered nurse Jackson Correctional Institution;
PAULA DENISE BRYSON, LPN, individually in her
capacity as licensed practical nurse at Jackson
Correctional Institution,

        Defendants.
_____/

## ORDER ON MOTION TO DISMISS SECOND AMENDED COMPLAINT

    Before the Court is Defendants' Motion to Dismiss Second Amended Complaint (Doc. 25).

### FACTS

    Robert Johnson, now deceased, was an inmate at Jackson Correctional Institution ("JCI"), a facility of the Florida Department of Corrections, during the relevant time period. Plaintiff Helen Johnson is Johnson's mother and the personal representative of his estate. Defendants are employees of the Florida Department of Corrections. Plaintiff alleges that Defendants' failure to provide appropriate medical care to Johnson resulted in his death on May 4, 2004.

    The First Amended Complaint filed on May 4, 2006, asserted two counts. Count One alleged wrongful death under Florida Stat. §§ 768.16-768.21 against Defendants Kats-Kagan, Poythress, Majors, and Bryson. On December 15, 2006, I granted

Defendants' motion to dismiss Count One as to all four defendants because Plaintiff conceded that she had failed to fulfill the presuit investigation requirements under Fla. Stat. §§ 766.106(2) and 766.203(2) prior to commencing this lawsuit.

On December 19, 2006, Plaintiff filed a Second Amended Complaint. Count One of the Second Amended Complaint alleges simple negligence against Defendants Kats-Kagan, Poythress, Majors, and Bryson.

Defendants filed a Motion to Dismiss Second Amended Complaint on January 3, 2007. Defendants contend that the simple negligence claim asserted in Count One of the Second Amended Complaint should be dismissed as to all defendants because the claim is actually a claim for medical malpractice and is time-barred by the applicable two-year statute of limitations period. Plaintiff filed no response to the motion.

## DISCUSSION

### I. Standard of Review

Dismissal under Rule 12(b)(6) eliminates a pleading or portion of a pleading which fails to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6). In deciding whether to dismiss, the court must accept as true all allegations of the complaint and construe those allegations in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 235, 94 S. Ct. 1683, 1686, 40 L. Ed. 2d 90, 96 (1974); Lopez v. First Union Nat'l Bank of Florida, 129 F.3d 1186, 1189 (11th Cir. 1997); Harper v. Thomas, 988 F.2d 101, 103 (11th Cir. 1993). Dismissal for failure to state a claim is inappropriate "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Pautala Elec. Membership Corp. v. Whitworth, 951 F.2d 1238, 1240 (11th Cir. 1992) (quoting Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102, 2 L. Ed. 80, 84 (1957)). If the facts alleged in the complaint would allow recovery under any possible theory regardless of whether they would allow recovery under the particular theory pleaded, the motion must be denied. See Linder v. Portocarrero, 963 F.2d 332, 336 (11th Cir. 1992). The court is not required, however, to accept as true the plaintiff's conclusions of law. See Solis-Ramirez v. United States Dep't of Justice, 758 F.2d 1426, 1429 (11th Cir. 1985) (citing Associated Builders, Inc. v. Alabama Power Co., 505 F.2d 97, 100 (5th Cir. 1974)). On

the contrary, the court may make its own determination of the legal issue, . . . ." Solis-Ramirez, 758 F.2d at 1429. "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." Oxford Asset Mgmt. Ltd. V. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002) (citing South Florida Water Mgmt. Dist. v. Montalvo, 84 F.3d 402, 406 (11th Cir. 1996); Fernandez-Montes v. Allied Pilots Ass'n, 987 F.2d 278, 284 (5th Cir. 1993)).

## II. Statutes of Limitations

Under Fla. Stat. § 95.11(4)(b),

> [a]n action for medical malpractice shall be commenced within 2 years from the time the incident giving rise to the action occurred or within 2 years from the time the incident is discovered, or should have been discovered with the exercise of due diligence.

Fla. Stat. § 95.11(4)(b). An action founded on simple negligence must be commenced within four years. Fla. Stat. § 95.11(3)(a).

## III. Proper Characterization of the Claim

In her "Response to Court's Order on Defendants' Motion to Dismiss First Amended Complaint" (Doc. 22), Plaintiff conceded that Count One of the First Amended Complaint was based on a medical negligence/malpractice, not a simple negligence, theory of liability:

> Plaintiff would concede that Plaintiff failed to notify the Defendants of her intent to initiate litigation for a claim based on a medical negligence theory of liability prior to filing a complaint as required by Fla. Stat. 766.106(2).
>
> Plaintiff would concede the Plaintiff failed to comply with the pre-suit investigation requirements of Fla. Stat. 766.203(2), which requires Plaintiff to submit a verified written opinion from a medical expert corroborating reasonable grounds to support the claim of medical negligence.

(Doc. 22:14) (emphases added).

The allegations contained in the Second Amended Complaint are substantively identical to the allegations contained in the First Amended Complaint. Plaintiff's attempt

to re-label Count One as a simple negligence claim in the most recent amended complaint is clearly a pretext for circumventing the statute of limitations period for a claim based on medical malpractice under Fla. Stat. § 95.11(4)(b).  Fla. Stat. § 95.11(4)(b) defines an action for medical malpractice as

> a claim in tort or in contract for damages because of the death, injury, or monetary loss to any person arising out of any medical, dental, or surgical diagnosis, treatment, or care by any provider of health care.

Count One of the Second Amended Complaint alleges, in relevant part, that

> 36. Defendants Kats-Kagan, Poythress, Majors, and Bryson breached their duty of custodial care by virtue of the following facts or omissions:
>
> A.  By negligently diagnosing, failing to diagnose or failing to adequately diagnose the condition from which Robert T. Johnson was suffering, specifically subdural hematoma and a cranial bleed.
>
> B.  By negligently treating, failing to treat or failing to adequately treat the condition from which Robert T. Johnson was suffering, specifically a subdural hematoma and a cranial bleed.
>
> C.  By failing to furnish proper medical care and medicine to Robert T. Johnson to treat the onset of Robert T. Johnson's condition, specifically a subdural hematoma and a cranial bleed.
>
> 37.  As a direct and proximate result of the foregoing simple negligence of the Defendants Kats-Kagan, Poythress, Majors and Bryson custodial care obligations of inmate Robert T. Johnson, he died from a subdural hematoma and a cranial bleed.

Clearly, these are allegations "in tort for damages because of the death[ . . . or] injury . . . to any person arising out of any medical, . . . treatment, or care by any provider of health care."  See Fla. Stat. § 95.11(4)(b).  The alleged wrongful acts are "directly related to the improper application of medical services, and the use of professional judgment or skill."  Lynn v. Mount Sinai Medical Ctr., 692 So. 2d 1002, 1003 (Fla. 3d DCA 1997) (citing Liles v. P.I.A. Medfield, Inc., 681 So. 2d 711 (Fla. 2d

DCA 1995)).

The face of the Second Amended Complaint unambiguously indicates that Count One is a claim for medical malpractice notwithstanding Plaintiff's amended characterization of Count One as a claim for simple negligence.  Accordingly, the claim asserted in Count One is subject to the statute of limitations period for medical malpractice claims under Fla. Stat. § 95.11(4)(b).  Plaintiff filed the initial complaint exactly two years after Johnson's death.  However, Plaintiff admittedly failed to fulfill the necessary presuit investigation requirements under Fla. Stat. §§ 766.106(2) and 766.203(2).  Therefore, I find that Plaintiff has failed to properly file the medical malpractice claim asserted in Count One within the applicable statute of limitations period and dismissal is required.  Because granting Plaintiff leave to amend Count One would serve no purpose, dismissal of Count One must be with prejudice.  Finally, I find that Plaintiff's failure to file a response to the motion is sufficient cause to grant the motion under N.D. Loc. R. 7.1(C)(1).

## CONCLUSION

Count One of the Second Amended Complaint is **dismissed with prejudice** as to all four Defendants - Kats-Kagan, Poythress, Majors, and Bryson - named in Count One.

**ORDERED** on January 25, 2007.

/s/ Richard Smoak
**Richard Smoak**
**United States District Judge**