IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

HELEN JOHNSON, as personal representative
of the Estate of Robert T. Johnson,

        Plaintiff,

vs.                                                   Case No. 5:06cv92-RS-MD

GALINA KATS-KAGAN, M.D., individually
in her capacity as chief health officer of Jackson
Correctional Institution; GREGORY YOUNG
POYTHRESS, ARNP, individually in his
capacity as advanced registered nurse practitioner
at Jackson Correctional Institution; CAROLYN
MAJORS, RN, individually in her capacity as senior
registered nurse Jackson Correctional Institution;
PAULA DENISE BRYSON, LPN, individually in her
capacity as licensed practical nurse at Jackson
Correctional Institution,

        Defendants.
_____/

## ORDER ON DEFENDANTS' MOTION TO COMPEL

    Before me is Defendants' Motion to Compel Discovery in Aid of Execution From Plaintiff Helen Johnson and Plaintiff's Counsel, Ronald J. Kurpiers (Doc. 125).

    Judgments were entered in this case against Plaintiff's counsel, Ronald James Kurpiers, II, in the amount of $3,018.00 on April 19, 2007 (Doc. 42), and against Plaintiff Helen Johnson in the amount of $9,305.50 on October 12, 2007

(Doc. 104).  The pending motion requests entry of an order compelling Mr. Kurpiers and Ms. Johnson to respond to interrogatories and produce documents in aid of execution of the judgments, pursuant to Fed. R. Civ. P. 37.  The motion also requests an award of fees and expenses incurred in making the motion, pursuant to Fed. R. Civ. P. 37(a)(5)(A).

Attached as exhibits to the motion are copies of the interrogatories and requests to produce documents (Exh. A & B, Doc. 125-2 & -3) as well as a letter from Defendants' counsel to Mr. Kurpiers dated April 9, 2008. (Exh. E, Doc. 125-6).  The letter states that the requests for discovery were served on Mr. Kurpiers more than eight months ago, on September 9, 2007, and September 11, 2007, but that neither Mr. Kurpiers, nor Ms. Johnson, have responded to the requested discovery.  The letter also states:

> Please provide responses to the discovery within the next 15 days so that we may avoid troubling the court with a motion to compel, for which we will seek addition [sic] attorneys' fees and costs.  Please also consider this our good faith effort to obtain this discovery without taking such action.

When Mr. Kurpiers failed to respond to the motion to compel, I entered an order requiring that Mr. Kurpiers and Ms. Johnson file responses not later than May 14, 2008 (Doc. 126).  Mr. Kurpiers responded on May 19, 2008.  In his response, Mr. Kurpiers has stated that he has satisfied the judgment against him in the amount of $3,018.00 by check made payable to the firm of Defendants' counsel.[1]  Neither Mr. Kurpiers, nor Ms. Johnson, however, have responded to the

---

[1] Upon the Court's inquiry, Defendants' Counsel, Shane Dean, confirmed that Kurpiers did deliver a check by mail in the amount of $3,018.00, which was received by Dean.

motion as it relates to the discovery requested of Ms. Johnson.

Accordingly, **IT IS ORDERED:**

1. The motion to compel discovery as to Plaintiff Helen Johnson (Doc. 125) is **GRANTED**.

2. Not later than June 6, 2008, Plaintiff Helen Johnson shall respond to the interrogatories and produce the documents requested in Exhibits A and B of the motion (Doc. 125-2 and 125-3).

3. Plaintiff's counsel, Ronald Kurpiers, II, shall immediately cause to provide Plaintiff with (1) a copy of this order and (2) the requested discovery and file **proof of service**.

4. Mr. Kurpiers and Ms. Johnson shall show cause not later than June 6, 2008, why Defendants' reasonable expenses incurred in making the motion, including attorney's fees, should not be awarded, pursuant to Fed. R. Civ. P. 37(a)(5)(A). Failure to respond by the deadline date may result in the entry of an order granting Defendants' request for fees and expenses.

5. Mr. Kurpiers and Ms. Johnson are placed on notice that failure to comply with any part of this order may result in the imposition of sanctions, including but not limited to, civil contempt.

**ORDERED** on May 22, 2008.

/s/ Richard Smoak
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**